UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JASMINE DEVALERA,

Plaintiff,

v.

AMERICAN STAFFING; MCCAIN FOODS USA, INC.,

Defendants.

Case No. 4:24-cv-00262-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court are the following pending filings submitted by Plaintiff Jasmine Devalera: Motion for Leave to File an Amended Complaint (Dkt. 10), the Amended Complaint (Dkt. 11), Motion to Appoint Counsel (Dkt. 12), Application for Leave to Proceed In Forma Pauperis (Dkt. 13), Motion to File Electronically (Dkt. 14), and Motion to Supplement the Record (Dkt. 17). The Court liberally construes Devalera's Motion for Leave to File an Amended Complaint as also seeking relief under Federal Rule of Civil Procedure 60(b) to reopen the case.

For the reasons below, the Court finds that the case has already been DISMISSED WITH PREJUDICE, and the pending motions as well as the application to proceed In Forma Pauperis are therefore DISMISSED as MOOT. The case remains CLOSED.

## II. BACKGROUND

On May 29, 2024, Devalera initiated this action by filing an Application for Leave to Proceed in Forma Pauperis (Dkt. 1), a Complaint against Defendants American Staffing

and McCain Foods (Dkt. 2), and a Motion to Appoint Counsel (Dkt. 3). In her Complaint, Devalera asserted claims of sexual harassment, retaliation, and wrongful termination under Title VII of the Civil Rights Act of 1964 and Idaho Code 67-5909. Dkt. 2. The Court subsequently issued an Order ("the Order") denying the motions and dismissing the Complaint without prejudice. Dkt 5, at 14–15. However, the Court granted Devalera thirty days' leave to file a more complete application to Proceed In Forma Pauperis and an amended Complaint. *Id.* In the Order, the Court issued the following warning: "Failure to submit an updated In Forma Pauperis application OR pay the filing fee within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice." *Id.* at 15. The Court also warned her that she "must file her Amended Complaint within thirty (30) days of the issuance of this Order." *Id.*

The Order was issued on April 9, 2025, making the deadline to file May 9, 2025. Devalera failed to submit an updated In Forma Pauperis application, pay the required filing fee, file a motion to extend the deadline, or file an Amended Complaint. As a result, the case was dismissed with prejudice on May 21, 2025—almost two weeks after the deadline. Dkt. 6.

In November 2025 (nearly six months after this case was dismissed with prejudice), Devalera filed a motion for reconsideration (Dkt. 8) and a new In Forma Pauperis application (Dkt. 9). Two months after that, Devalera withdrew her motion for reconsideration and In Forma Pauperis application (Dkt. 15) and filed the Amended Complaint and several motions. Dkts. 10–14. One month after that, Devalera filed a motion to supplement the record. Dkt. 17. In her motions, Devalera acknowledges her lateness,

claiming it should be excused because she "experience[d] extraordinary barriers during the amendment period," including mental health and housing instability challenges. Dkt. 10, at 3.

**III. LEGAL STANDARD**

"District courts have the inherent power to control their dockets," and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). The Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." *Id.*

Sufficient grounds to dismiss an action exist where a non-in forma pauperis litigant fails to pay the statutorily required filing fees. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (noting that failure to pay filing fees is sufficient on its own to dismiss an action). Pursuant to Federal Rule of Civil Procedure 41(b), courts may sua sponte dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). "[A] dismissal with prejudice is tantamount to a judgment on the merits." *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997) *abrogated on other grounds by Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 592 (9th Cir. 2000).

Once an action has been dismissed, plaintiffs can move to have the judgment reopened under Federal Rule of Civil Procedure 60(b). *Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 570 (9th Cir. 1987). Under Rule 60(b), courts may relieve a party

from a final judgment, order, or proceeding only if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b)(1)–(6); *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "[A] party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). Rule 60(b) motions are committed to the discretion of the trial court. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

## IV. ANALYSIS

Devalera argues the Court should allow her to amend the Complaint and proceed with the case because Federal Rule of Civil Procedure 15(a)(2) states that courts "should freely give leave [to amend] when justice so requires," and she further asserts that "[d]enying leave would result in manifest injustice by allowing procedural obstacles to eclipse meritorious claims." Dkt. 10, at 2–3. However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court exercises its discretion here and does not grant the Motion for Leave to Amend nor the other motions for the reasons outlined below.

In the Order dated April 9, 2025, the Court warned Devalera that "[f]ailure to submit an updated In Forma Pauperis application OR pay the filing fee within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice." Dkt. 5, at 15. Despite this warning, Devalera took no action until nearly six

months after the case had been dismissed.[1] Because the dismissal was with prejudice, it constituted final judgment.[2]

Construing Devalera's motion liberally, the Court understands her argument to be that her mental health, housing instability, and other circumstances provide a basis for relief under either Rule 60(b)(1)'s excusable neglect provision or Rule 60(b)(6)'s catch-all provision.

The moving party "bears the burden of proving the existence of a justification for Rule 60(b) relief." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). To qualify as excusable neglect under Rule 60(b)(1), courts weigh "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The primary factors courts consider in this analysis are: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395). "[T]he weighing of *Pioneer's* equitable factors must be left to the discretion of the district court in every case." *Mendez v. Knowles*, 556 F.3d 757, 765

[1] Courts must weigh the following factors before dismissing a case under Rule 41(b) for failure to prosecute or obey a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986). However, courts need not *explicitly* weigh these factors before issuing a dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995). In this case, the Court carefully considered these factors before issuing its order dismissing the case, though it did not set forth its analysis in a written decision. *See* Dkt. 6. The Court does not find it necessary to revisit and articulate that analysis in this Order.

[2] Devalera did not appeal the final judgment.

(9th Cir. 2009) (citation modified) (quoting *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004)).

"To justify relief under [Rule 60(b)(6)], a party must show extraordinary circumstances suggesting that the party is faultless in the delay." *Pioneer*, 507 U.S. at 393 (citation modified). "That standard does not become less demanding when a Rule 60(b)(6) movant also hopes to amend his complaint." *BLOM Bank*, 605 U.S. at 210.

Considering the first *Pioneer* factor, because Defendants have not yet appeared, there is no obvious prejudice they would suffer if relief from judgment was granted. Thus, the first factor weighs in favor of Devalera. Considering the second factor, the pending filings were submitted more than eight months after the case's dismissal. This is a significant delay. However, the impact is not egregious as the proceedings remain in infancy. Balancing this significant delay with its impact, the Court finds the second factor weighs against relief.

The third factor also weighs against Devalera. She attached to her Amended Complaint an email to an attorney asking for help filing an amended complaint, but the email was sent after the filing deadline. Dkt. 11-1, at 3. While true that she was placed on a mental health hold, it likewise took place after the filing deadline. *Id.* at 4. She also participated in and passed her college courses during this period, even achieving a 4.0 GPA in the Fall 2025 semester. *Id.* at 5. She also includes two letters from organizations asking a landlord not to evict Devalera, and the letters are dated in November 2025, months after the deadline. *Id.* at 26–27. Devalera further claims she received an eviction judgement on May 2, 2025 effective immediately. Dkt. 11, at 3. However, she fails to explain how that

affected her ability to file an application to Proceed In Forma Pauperis by the deadline or why it caused her to neglect this case for approximately six months. As seen in the record, these events did not prevent her from succeeding academically in the time leading up to filing the pending motions. For these reasons, the third factor weighs heavily against relief.

Considering the fourth factor, it appears Devalera's "errors resulted from negligence and carelessness, not from deviousness or willfulness." *Bateman*, 231 F.3d at 1225. Accordingly, this factor weighs in favor of granting relief.

Considering the factors, the Court exercises its discretion and denies relief under Rule 60(b)(1). Although the first and fourth *Pioneer* factors weigh marginally in favor of granting relief, the second and third factors weigh decisively against granting relief. This is especially true considering the Court affords in this instance much greater weight to the third factor than any of the other singular factors. Devalera provides no legitimate justification for allowing nearly six months to elapse before filing her withdrawn motion for reconsideration, and eight months before filing her motion to file an amended complaint. Almost all the circumstances she cites justifying the delay occurred after the deadline. While the Court recognizes that an eviction judgment can present significant hardship, Devalera does not explain its role in her failure to file by the deadline nor why she waited approximately six months after dismissal to file something instead of some sooner, more reasonable time.

Turning to Rule 60(b)(6), Devalera fails to demonstrate sufficient extraordinary circumstances between the time the Order was issued and the filing deadline. This is because no outside force prevented her from filing on time. Although the Court is

sympathetic to her circumstances, most of her justifications for filing late are events that happened *after* the deadline to file. So, even if those circumstances were sufficiently extraordinary under Rule 60(b)(6), the motion would still fail because they did not prevent her from filing *on time*.

In sum, Devalera's neglect in this case is not the excusable kind for which Rule 60(b)(1) provides relief. The length of time Devalera neglected the case combined with the absence of a legitimate justification is sufficient reason to deny relief. Rule 60(b)(6) also cannot revive the case because her untimeliness was not due to external forces depriving her of fault in the matter.

## V. CONCLUSION

Based on the record, as applied to the relevant law, and in the Court's discretion, the Court finds Devalera does not adequately demonstrate excusable neglect or any other reason justifying relief. Accordingly, her motion for leave to file an amended complaint is DENIED and the remaining motions are DISMISSED as MOOT. No further filings will be entertained in this closed case.

## VI. ORDER

IT IS HEREBY ORDERED:

1. The Motion for Leave to File an Amended Complaint (Dkt. 10) is DENIED.
2. The Motion to Appoint Counsel (Dkt. 12) is DISMISSED as MOOT.
3. The Application for Leave to Proceed In Forma Pauperis (Dkt. 13) is DISMISSED as MOOT.

4. The Motion to File Electronically (Dkt. 14) is DISMISSED as MOOT.

5. The Motion to Supplement the Record (Dkt. 17) is DISMISSED as MOOT.

DATED: September 28, 2026

David C. Nye
U.S. District Court Judge